United States Courts
Southern District of Texas
FILED

DEC 15 2016

David J. Bradley, Clerk of Court

SEALED
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | 16CR551 |
| v. | § § | CRIMINAL NO. |
| PEGGY ANN FULFORD<br>a/k/a PEGGY KING,<br>PEGGY WILLIAMS,<br>PEGGY BARARD,<br>PEGGY SIMPSON,<br>PEGGY RIVERS,<br>DEVON COLE, and<br>DEVON BARARD | § § § § § § § § | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment:

### COUNTS 1-2
[18 U.S.C. 1343 and 2—Wire Fraud]

**INTRODUCTION**

1. Defendant Peggy Ann Fulford, a/k/a Peggy King, Peggy Williams, Peggy Barard, Peggy Simpson, Peggy Rivers, Devon Cole, and Devon Barard ("**FULFORD**"), was an individual who resided in various places, including the Southern District of Texas, between in or about 2011 until in or about 2013.

1

2. At various times, **FULFORD** said she was married to FK, SW, and RF.

3. **FULFORD** and husband FK were associated with a company called "Premier Management" that purported to be the "agent" for at least one professional athlete. "Premier Financial Management, Inc." was incorporated in the state of Georgia, and **FULFORD** was listed as its Chief Financial Officer.

4. King Management Group and Associates, LLC was organized under the laws of the state of Florida. **FULFORD** was listed as its registered agent and managing member.

5. **FULFORD** exercised authority and control over dozens of bank accounts, including the following:

   a. Wells Fargo Bank, N.A. account ending in 245 (WF245);

   b. Wells Fargo Bank, N.A. account ending in 105 (WF105);

   c. Wells Fargo Bank, N.A. account ending in 567 (WF567);

   d. Wells Fargo Bank, N.A. account ending in 514 (WF514); and

   e. Wells Fargo Bank, N.A. account ending in 061 (WF061).

**SCHEME TO DEFRAUD**

6. From in or about 2001 and continuing through in or about 2014, in the Houston Division of the Southern District of Texas and elsewhere, the defendant

2

**PEGGY ANN FULFORD,
a/k/a PEGGY KING, PEGGY WILLIAMS,
PEGGY BERARD, PEGGY SIMPSON,
PEGGY RIVERS, DEVON COLE,
AND DEVON BARARD**

aided and abetted by others known and unknown to the grand jury, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money and property from client victims by means of material false and fraudulent pretenses, representations, and promises.

**MANNER AND MEANS OF THE SCHEME**

7. From in or around 2001 until in or around 2014, **FULFORD** obtained and then misappropriated millions in funds entrusted to her by at least four professional athletes, including Heisman trophy winner Errick "Ricky" Williams, T.H., and two others ("victims"). **FULFORD** falsely told victims that she would use their money exclusively to pay their bills, including their income tax payments, and to make retirement investments for them. Instead, **FULFORD** diverted millions of victim funds that she laundered through dozens of bank accounts to pay for her own personal expenses. **FULFORD** communicated with victims in person, by phone, and by email, inducing them to open or give her access to bank accounts which she raided and used for personal expenses such as luxury cars, real estate, private school tuition for her children, jewelry, and airline

tickets. **FULFORD** falsely told victims that she graduated from Harvard Law School and Harvard Business School and, at various times that she had: (1) made millions on Wall Street; (2) made millions by buying and selling hospitals; or (3) made millions on real estate in the Bahamas. **FULFORD** either never requested a fee, or told victims that she was providing her services for free because she already had millions and just wanted to protect the athletes from losing their money. **FULFORD** failed to inform the victims that she used most of their money, or intended to use most of their money, for her own personal purposes.

**EXECUTION OF THE SCHEME**

8. On or about the dates specified below, within the Houston Division of the Southern District of Texas and elsewhere, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, as more particularly described below:

| Count | Date | Wire Description |
|---|---|---|
| 1 | April 30, 2014 | Closing documents for real estate sale in Houston, Texas emailed from Infinity Title in Houston, Texas to defendant **FULFORD** in Florida |
| 2 | May 1, 2014 | Wire transfer of $279,417.62 from Infinity Title bank account in Texas to WF061 outside the state of Texas |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 3
## [18 U.S.C. 1341 and 2—Mail Fraud]

**INTRODUCTION**

9. Paragraphs 1-7 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

10. From in or about 2001 and continuing through in or about 2014, in the Houston Division of the Southern District of Texas and elsewhere, the defendant

**PEGGY ANN FULFORD,
a/k/a PEGGY KING, PEGGY WILLIAMS,
PEGGY BERARD, PEGGY SIMPSON,
PEGGY RIVERS, DEVON COLE,
AND DEVON BARARD**

aided and abetted by others known and unknown to the grand jury, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money and property from client victims by means of material false and fraudulent pretenses, representations, and promises utilizing private and commercial carriers.

**MANNER AND MEANS OF THE SCHEME**

11. Paragraph 7 of Count One of this Indictment is re-alleged and incorporated by reference herein as a description of the manner and means of the scheme and artifice to defraud.

## EXECUTION OF THE SCHEME

12. On or about the dates specified below, within the Houston Division of the Southern District of Texas and elsewhere, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly send mail matter utilizing private and commercial carriers as more particularly described below:

| Count | Date | Mail Matter Description |
|---|---|---|
| 3 | April 30, 2014 | Mail matter from Florida to Texas containing closing documents related to sale of real estate |

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 4
**[18 U.S.C. 2314-- Interstate Transportation of Stolen Property]**

13. Paragraphs 1-12 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

14. From on or about 2001, and continuing until in or about 2014, in the Southern District of Texas and elsewhere, the defendant, **PEGGY FULFORD**, did knowingly transport, transmit, and transfer in interstate commerce, and caused to be transported, transmitted, and transferred in interstate commerce, securities or money, the aggregate value of which exceeded $5,000, to wit, $200,000 of victim

L.H.'s money from Montana to Texas, knowing the same to have been obtained by fraud, all in violation of 18 U.S.C. § 2314.

## COUNTS 5-8
### [18 U.S.C. 1957 and 2—Money Laundering]

15. Paragraphs 1-12 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

16. On or about the dates specified below, in the Houston Division of the Southern District of Texas and elsewhere, the defendant

**PEGGY ANN FULFORD,
a/k/a PEGGY KING, PEGGY WILLIAMS,
PEGGY BERARD, PEGGY SIMPSON,
PEGGY RIVERS, DEVON COLE,
AND DEVON BARARD**

aided and abetted by others known and unknown to the grand jury, did knowingly engage in and attempt to engage in monetary transactions by, through, and to financial institutions affecting interstate commerce, in criminally derived property of a value greater than $10,000 each, by making and causing to be made deposits, withdrawals, transfers, and exchanges of funds and monetary instruments in the amounts specified below, such property having been derived from specified unlawful activity, that is wire fraud, mail fraud, and interstate transportation of stolen property, in violation of Title 18, United States Code, Sections 1343, 1341, and 2314:

7

| Count | Date | Monetary Transaction |
|---|---|---|
| 5 | February 26, 2013 | Transfer of $200,000 from WF514 to WF567 |
| 6 | March 14, 2013 | Transfer of $90,000 WF245 to WF567 |
| 7 | March 14, 2013 | Transfer of $300,000 from WF567 to WF105 |
| 8 | March 15, 2013 | Purchase of cashier's check for $296,334.95 with funds from WF105 |

In violation of Title 18, United States Code, Sections 1957 and 2.

## NOTICE OF CRIMINAL FORFEITURE
28 U.S.C. 2461(c); 18 U.S.C. 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant

**PEGGY ANN FULFORD,
a/k/a PEGGY KING, PEGGY WILLIAMS,
PEGGY BERARD, PEGGY SIMPSON,
PEGGY RIVERS, DEVON COLE,
AND DEVON BARARD**

that in the event of conviction of the offenses charged in Counts 1 - 4 of this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

## NOTICE OF CRIMINAL FORFEITURE
18 U.S.C. 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendant

**PEGGY ANN FULFORD,
a/k/a PEGGY KING, PEGGY WILLIAMS,
PEGGY BERARD, PEGGY SIMPSON,
PEGGY RIVERS, DEVON COLE,
AND DEVON BARARD**

that upon conviction of any of the Counts 5 - 8 of this Indictment, all property, real or personal, involved in money laundering offenses or traceable to such property, is subject to forfeiture.

## Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 18, United States Code, Section 982(b)(1) and in Title 28, United States Code, Section 2461(c).

A TRUE BILL

Original signature on File

_____
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: *Belinda Beek*
Belinda Beek
Assistant United States Attorney
(713) 567-9721