UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**UNITED STATES OF AMERICA,**     .     **CASE NO. H-16-CR-0551**
.
        PLAINTIFF,     .
.
     V.         .     HOUSTON, TEXAS
          .     THURSDAY, FEBRUARY 1, 2018
**PEGGY ANN FULFORD,**     .     03:39 P.M. TO 04:34 P.M.
.
        DEFENDANT.     .
. . . . . . . . . . . . . . . . .

**REARRAIGNMENT**

BEFORE THE HONORABLE DENA PALERMO
UNITED STATES MAGISTRATE JUDGE

**Trinity Transcription Services**
**1081 Main Street**
**Surgoinsville, TN 37873**
**281-782-0802**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | . | **CASE NO. H-16-CR-0551** |
| | . | |
| PLAINTIFF, | . | |
| | . | |
| V. | . | HOUSTON, TEXAS |
| | . | THURSDAY, FEBRUARY 1, 2018 |
| **PEGGY ANN FULFORD,** | . | 03:39 P.M. TO 04:34 P.M. |
| | . | |
| DEFENDANT. | . | |

. . . . . . . . . . . . . . . .

**REARRAIGNMENT**

BEFORE THE HONORABLE DENA PALERMO
UNITED STATES MAGISTRATE JUDGE

Appearances:

For the Government:          BELINDA BEEK, ESQ.
                             Assistant United States Attorney
                             1000 Louisiana, Suite 2300
                             Houston, TX 77002

For the Defendant:           PHILLIP GALLAGHER, ESQ
                             Federal Public Defender
                             440 Louisiana, Suite 1350
                             Houston, TX 77002

Case Manager:                CAROL FELCHAK

Court Recorder:              TRACY CONRAD

Transcriber:                 Cheryl Battaglia
                             Trinity Transcription Services
                             1081 Main Street
                             Surgoinsville, TN 37873
                             281-782-0802

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

1        **Houston, Texas; Thursday, February 1, 2018; 03:39 p.m.**

2             **UNITED STATES MARSHAL:**  All rise.

3        The United States District Court for the Southern District

4    of Texas is now in session.  The Honorable Judge Dena Palermo

5    presiding.

6             **THE COURT:**  Be seated.

7         **(Pause)**

8             **THE COURT:**  Okay.  This is the United States District

9    Court for the Southern District of Texas and I'm Judge Dena

10   Palermo.  I am calling case *The United States of America versus*

11   *Peggy Ann Fulford, Case Number 4:16-CR-55-01 --551.*  Is that

12   correct?

13            **MR. GALLAGHER:**  Yes.  That's right.

14            **MS. BEEK:**  Yes, your Honor.

15            **THE COURT:**  Well, yes.  Sorry.  I was going to ask a

16   question.

17            Okay, counsel, can you please identify yourself and

18   your client for the record?

19            **MS. BEEK:**  Belinda Beek for the United States, your

20   Honor.

21            **MR. GALLAGHER:**  And Phillip Gallagher for Miss Peggy

22   Ann Fulford.

23            **THE COURT:**  Okay.  And let the record reflect that

24   the Defendant is also present.

25        **(Pause)**

2

1          **THE COURT:**  Miss Fulford, I understand that you want

2   to plead guilty today.  Is that correct?

3          **DEFENDANT FULFORD:**  Yes, ma'am.

4     **(Pause)**

5          **THE COURT:**  District Judge Ellison has referred this

6   matter to me to hold -- hold a hearing today and to make a

7   report and recommendation to him to accept or reject your

8   guilty plea.

9          But I need to make sure that you understand your

10  rights to proceed before him and have Judge Ellison ask you the

11  questions that I will be asking you today.  Have you had a

12  chance to talk to your lawyer about your right to proceed in

13  front of the District Judge?

14         **DEFENDANT FULFORD:**  Yes, I have.

15         **THE COURT:**  And do you understand I cannot accept

16  your guilty plea.  I can ask you questions and make a

17  recommendation to Judge Ellison to accept or reject your guilty

18  plea.

19         Do you understand that?

20         **DEFENDANT FULFORD:**  Yes, ma'am.

21         **THE COURT:**  And are you giving your consent to appear

22  before me and have me ask you the questions and make a

23  recommendation to Judge Ellison regarding your guilty plea?

24         **DEFENDANT FULFORD:**  Yes, your Honor.

25         **THE COURT:**  Okay.  I have to have a written consent

3

1   from the Defendant.  So I need the Defendant and the Government

2   to sign it.

3           **MR. GALLAGHER:**  The Defendant's going to -- I

4   don't --

5           **THE CLERK:**  We talked about that that.  As long as

6   it's on the record, we don't have to have written consent.

7           **THE COURT:**  We don't.

8           **THE CLERK:**  No.

9           **MR. GALLAGHER:**  Yes, ma'am.  I --

10          **THE CLERK:**  Right?

11          **MR. GALLAGHER:**  I think that's -- I -- that's -- yes.

12  I have handled appeals out of Brownsville and the Court

13  hasn't -- we have no objection to that.  We just --

14          **THE COURT:**  Yeah.  I think that -- off the record.

15      **(Court confers with counsel off the record)**

16          **THE COURT:**  Okay.

17      **(Pause)**

18          **THE COURT:**  All right.  Miss Fulford before I can

19  make a recommendation to Judge Ellison to accept your plea of

20  guilty, I have to ask you certain questions.  You must answer

21  my questions under oath.

22          **DEFENDANT FULFORD:**  Yes, ma'am.

23          **THE COURT:**  Miss Felcheck, can you administer the

24  oath, please?

25      **(Defendant sworn)**

4

1        **THE COURT:**  Okay.  Miss Fulford, do you understand

2   that you are now under oath?

3        **DEFENDANT FULFORD:**  Yes, I do, your Honor.

4        **THE COURT:**  Okay.  And if you give false answers to

5   any of my questions you can later be prosecuted for perjury,

6   which means that you could be charged with the crime of making

7   a false statement under oath.

8        And if you give any false answers today, those

9   answers can be used to prosecute you for perjury at a later

10  proceeding.

11       Do you understand that?

12       **DEFENDANT FULFORD:**  Yes.  Yes, your Honor.

13       **THE COURT:**  All right.  Today I'm going to be asking

14  you a lot of questions to make sure of several things.  First,

15  that you are mentally competent to plead guilty.  Second, that

16  your decision to plead guilty is voluntary and not coerced.

17  Third, that you fully understand the rights that you are giving

18  up by pleading guilty.  Fourth, that you fully understand the

19  charges you're pleading guilty to and the range of punishment

20  that you may receive.  And finally, that you fully understand

21  the consequences of your guilty plea if Judge Ellison accepts

22  it.

23       Do you understand?

24       **DEFENDANT FULFORD:**  Yes, your Honor.

25       **THE COURT:**  Okay.  If you don't understand the

5

1    question that I ask you, please ask me to repeat it or rephrase

2    it before you answer it.

3              **DEFENDANT FULFORD:**  I will.  Thank you.

4              **THE COURT:**  Do you understand everything I've said so

5    far?

6              **DEFENDANT FULFORD:**  Yes, I do.

7              **THE COURT:**  Okay.  For all the questions that I will

8    be asking you today, you have the right to talk with your

9    attorney before answering any of the questions.

10             And do you understand that you have the right to talk

11   to your attorney before answering any of the questions?

12             **DEFENDANT FULFORD:**  Yes, your Honor.

13             **THE COURT:**  Okay.  Please state your full legal name

14   for the record.

15             **DEFENDANT FULFORD:**  Peggy Ann Fulford.

16             **THE COURT:**  How old are you?

17             **DEFENDANT FULFORD:**  Fifty-nine years old.

18             **THE COURT:**  And how far did you go in school?

19             **DEFENDANT FULFORD:**  I went two years of college.

20             **THE COURT:**  And you can read and write in English

21   then I take it?

22             **DEFENDANT FULFORD:**  Yes, I can.

23             **THE COURT:**  Okay.  And have you ever been treated for

24   any mental illness or for any psychiatric of psychological

25   problem?

6

1          **DEFENDANT FULFORD:**  Yes, your Honor.

2          **THE COURT:**  And what was that?

3          **DEFENDANT FULFORD:**  I had -- not bipolar.  I had,

4    what's it called, I can't come with the name of it.  But I have

5    been in a couple of psychiatric hospitals in the state of

6    Georgia.

7          **THE COURT:**  And are you currently undergoing --

8          **DEFENDANT FULFORD:**  No.

9          **THE COURT:**  -- any -- no?

10         **DEFENDANT FULFORD:**  No.

11         **THE COURT:**  And are you taking any medication --

12         **DEFENDANT FULFORD:**  No.

13         **THE COURT:**  -- for any psychiatric conditions?

14         **DEFENDANT FULFORD:**  No.

15         **MR. GALLAGHER:**  Your Honor, just -- sorry.

16      **(Counsel confers with the Defendant)**

17         **THE COURT:**  So you're currently not receiving any

18   treatment for any mental illness.

19         **DEFENDANT FULFORD:**  No, I'm not.

20         **THE COURT:**  Okay.  And are you addicted to any drug

21   including alcohol?

22         **DEFENDANT FULFORD:**  No, your Honor.

23         **THE COURT:**  And are you presently under the influence

24   of any drug or alcohol?

25         **DEFENDANT FULFORD:**  No, your Honor.

1          **THE COURT:**  Are you sick in any way today that would

2   prevent you from understanding what is happening here today?

3          **DEFENDANT FULFORD:**  No, your Honor.

4          **THE COURT:**  Do you take any medications regularly?

5          **DEFENDANT FULFORD:**  No, your Honor.

6      **(Pause)**

7          **THE COURT:**  Did you take any medications today?

8          **DEFENDANT FULFORD:**  No, your Honor.

9          **THE COURT:**  Have you had enough time to consult with

10   your attorney?

11          **DEFENDANT FULFORD:**  Yes, I have.

12          **THE COURT:**  And have you been able to communicate

13   with your attorney satisfactorily?

14          **DEFENDANT FULFORD:**  Yes, I have, your Honor.

15          **THE COURT:**  And are you satisfied with your attorney?

16          **DEFENDANT FULFORD:**  Yes, I am, your Honor.

17          **THE COURT:**  Do you want to get any further legal

18   advice from your attorney or ask anymore questions before we

19   proceed?

20          **DEFENDANT FULFORD:**  No, your Honor.

21          **THE COURT:**  All right.

22      **(Pause)**

23          **THE COURT:**  Have you had enough time to investigate

24   the law and the facts of your client's case, Mr. Gallagher?

25          **MR. GALLAGHER:**  Yes, your Honor.

1          **THE COURT:**  And are you confident that the Defendant

2     understands the nature of the charges she faces and the

3     possible punishment?

4          **MR. GALLAGHER:**  Yes, I am.

5          **THE COURT:**  And has your client been able to

6     cooperate and has she cooperated you -- with you in every

7     respect?

8          **MR. GALLAGHER:**  She has.

9          **THE COURT:**  And do you believe that your client is

10    mentally competent?

11         **MR. GALLAGHER:**  Yes.  And since -- just I will add

12    we've had many hours of conversation over more than a year at

13    this point.  And that's the basis for my answer.

14         **THE COURT:**  Okay.  All right.

15         The Court will recommend to Judge Ellison that the

16    Defendant is knowingly, voluntarily, and intelligently with the

17    advice of her counsel, seeking to enter a guilty plea.

18    **(Pause)**

19         **THE COURT:**  Before I can recommend that Judge Ellison

20    accept your plea of guilty, I must make sure that you

21    understand the rights that you are giving up by pleading

22    guilty.

23         Do you understand that you have a right to plead not

24    guilty?

25         **DEFENDANT FULFORD:**  Yes, I do.

9

1          **THE COURT:**  And if you enter a plea of not guilty, do

2 you understand that you would have a right to a trial,

3 specifically a trial by a jury made up of 12 citizens of this

4 District?

5          **DEFENDANT FULFORD:**  Yes, I do.

6          **THE COURT:**  And do you understand that if you wished,

7 you could have a trial before the District Court Judge, before

8 Judge Ellison, instead of a jury?

9          **DEFENDANT FULFORD:**  Yeah.  Yes, I do.

10          **THE COURT:**  And at trial, you would have the right to

11 have an attorney represent you in the trial, either an attorney

12 that you paid for, or if you're unable to afford counsel, the

13 Court could appoint an attorney to represent you without any

14 charge to you.

15          Do you understand that you have a right to have an

16 attorney represent you at trial?

17          **DEFENDANT FULFORD:**  Yes, I do, your Honor.

18          **THE COURT:**  Do you understand that at trial, the

19 burden would be on the United States to prove beyond a

20 reasonable doubt that you are guilty of the crimes with which

21 you have been charged?

22          **DEFENDANT FULFORD:**  Yes, your Honor.

23          **THE COURT:**  And to meet its burden, the United States

24 would call witnesses who would appear and testify here in

25 Court.

10

1          Do you understand that at a trial, you and your

2 attorney would be able to see, hear, and ask questions of each

3 of the Government's witnesses?

4          **DEFENDANT FULFORD:** Yes, your Honor.

5          **THE COURT:** You would also have a Constitutional

6 right to remain silent, which means that during the trial, no

7 one could require you to testify or to be a witness against

8 yourself.

9          Do you understand that?

10          **DEFENDANT FULFORD:** Yes, your Honor.

11          **THE COURT:** If you exercise your right to remain

12 silent at trial, it could not be held against you.  In fact,

13 you would have the right to have Judge Ellison instruct the

14 jury that your silence could not be used as evidence of your

15 guilt.

16          Do you understand the right to remain silent if you

17 went to trial?

18          **DEFENDANT FULFORD:** Yes, your Honor.

19          **THE COURT:** And though you would have the right to

20 remain silent at trial, you would be entitled to present

21 witnesses and evidence if you wanted to.  You would also have

22 the right to subpoena witnesses and require those witnesses to

23 come to Court to testify.

24          Do you understand those rights?

25          **DEFENDANT FULFORD:** Yes, your Honor.

11

1          **THE COURT:**  If you choose to present evidence or

2    witnesses at trial, it would not change the Government's burden

3    of proof.  At trial, the Government would always have the

4    burden to prove your guilt beyond a reasonable doubt on each of

5    the charges against you.

6          Do you understand that by pleading guilty, you are

7    giving up your right to require the Government to prove the

8    allegations in the indictment beyond a reasonable doubt?

9          **DEFENDANT FULFORD:**  Yes, your Honor.

10         **THE COURT:**  You also -- do you also understand that

11   if you went to trial, you could not be convicted unless every

12   single one of the twelve jurors agreed that you were guilty

13   beyond a reasonable doubt?

14         **DEFENDANT FULFORD:**  Yes, your Honor.

15         **THE COURT:**  So in other words, the verdict would have

16   to be unanimous.

17         You understand that?  The jury's verdict would have

18   to be unanimous.

19         **DEFENDANT FULFORD:**  Yes, your Honor.

20         **THE COURT:**  Do you understand that by entering the

21   guilty plea, you're giving up your right to have a trial like

22   the one I just described?

23         **DEFENDANT FULFORD:**  Yes, your Honor.

24         **THE COURT:**  Do you understand that if I recommend

25   that Judge Ellison accept your guilty plea, and he accepts my

1    recommendation, you will be convicted with no trial at all.

2              **DEFENDANT FULFORD:**  Yes, your Honor.

3              **THE COURT:**  Do you understand that if I recommend

4    that Judge Ellison accept your guilty plea, and he accepts my

5    recommendation, you will be waiving a number of arguments that

6    you could have made later if you pleaded not guilty, gone to

7    trial, and been convicted?

8              For example, if you plead guilty, you will not be

9    able to come back later and argue that there were defects in

10   the way you were investigated, arrested, or prosecuted.  You

11   will be giving your right -- giving up your right to claim

12   later that you were subject to an illegal search and seizure,

13   that you gave an unconstitutional confession, or that your

14   right to a speedy trial was violated.  Those are just examples,

15   not a complete list, of all the defenses that you are waiving

16   and not be able to raise later.

17             Do you understand that you will not be able to raise

18   these and similar defenses later?

19             **DEFENDANT FULFORD:**  Yes, your Honor.

20       **(Pause)**

21             **THE COURT:**  Do you understand that this is a felony

22   offense?

23             **DEFENDANT FULFORD:**  Yes, your Honor.

24             **THE COURT:**  Do you understand that if recommend to

25   Judge Ellison that your plea be accepted, and he accepts my

13

1    recommendation, you will be convicted and you may lose your

2    right to vote, hold public office, serve on a jury, and possess

3    any kind of firearm?

4          **DEFENDANT FULFORD:**  Yes, your Honor.

5       **(Pause)**

6          **THE COURT:**  With respect to the possession of a

7    firearm, that means that no one who lives with you can ever

8    have a firearm.  There are several penalties if a firearm is

9    ever found in your house, your car, or anyplace under your

10   control.

11         Do you understand that?

12         **DEFENDANT FULFORD:**  Yeah.  Yes, your Honor.

13      **(Pause)**

14         **THE COURT:**  Do you understand these possible

15   consequences of your guilty plea?

16         **DEFENDANT FULFORD:**  Yes, your Honor.

17         **MR. GALLAGHER:**  May I have just one second, your

18   Honor?

19         **THE COURT:**  Uh-huh.

20      **(Counsel confers with Defendant)**

21      **(Court confers with Clerk)**

22         **MR. GALLAGHER:**  Thank you, your Honor.

23         **THE COURT:**  Okay.  Carol does now have the form for

24   the agreement, the consent to plead before me.  So can I get

25   you all to sign it?

14

1          **MR. GALLAGHER:**  Okay.  your Honor, turn it  --

2          **THE CLERK:**  I'm looking at it right now.

3          **MR. GALLAGHER:**  Oh, no problem.

4          **THE CLERK:**  Sorry.

5          **MR. GALLAGHER:**  It's all right.

6      **(Pause)**

7          **MR. GALLAGHER:**  Do you need us to turn this on,

8  Carol?

9          **THE CLERK:**  Yes, that'd be great.

10     **(Pause)**

11         **THE CLERK:**  Is it on?

12         **MR. GALLAGHER:**  It's the blue light.  Yes, it's on.

13     **(Pause)**

14         **THE COURT:**  All right  I'm just going to continue

15  while she's counting, we'll do it.

16         Okay.  So this Indictment in this case is the written

17  charges that have been made against you.  Have you and your

18  attorney received a copy of the Indictment pending against you?

19         **DEFENDANT FULFORD:**  Yes, your Honor.

20         **THE COURT:**  And have you been read, or have you read,

21  this Indictment?

22         **DEFENDANT FULFORD:**  Yes, your Honor.

23         **THE COURT:**  And has your lawyer explained to you the

24  charges against you in the Indictment?

25         **DEFENDANT FULFORD:**  Yes, your Honor.

15

1          **THE COURT:**  The Indictment charges you in -- in eight

2     counts?

3          **THE CLERK:**  Yeah.

4          **THE COURT:**  Charges you in eight counts.

5          **MR. GALLAGHER:**  Right.  Just so you know, she's just

6     pleading guilty to the one, though.

7          **THE COURT:**  Right.  But you are only pleading guilty

8     to Count Four.  And in Count Four it charges you with violation

9     of 18USC §2314, which is interstate transportation of stolen

10    property.

11         It says specifically in Paragraph 14, that:

12         "From on or about 2001 and continuing until

13         about 2014 in the Southern District of

14         Texas and elsewhere, Defendant," that's

15         you, "Peggy Fulford, did knowingly

16         transport, transmit, and transfer in

17         interstate commerce and cause to be

18         transported, transmitted, and transferred

19         in interstate commerce securities or money,

20         the aggregate value of which exceeded

21         $5,000, towit, $200,000 of victim LH's

22         money from Montana to Texas, knowing the

23         same to have been obtained by fraud, all in

24         violation of 18USC §2314."

25         Do you understand what the Government is claiming

16

1   that you have done that violated Federal law?

2          **DEFENDANT FULFORD:**  Yes, your Honor.

3          **THE COURT:**  Can you tell me in your own words the

4   crime that you've been charged with?

5      **(Pause)**

6      **(Counsel confers with Defendant)**

7          **DEFENDANT FULFORD:**  Oh, okay.  Transferring money

8   from a Wells Fargo account in Montana to a Wells Fargo account

9   in Texas.

10         **MR. GALLAGHER:**  And that the money you'd gotten

11  wasn't your money.

12         **DEFENDANT FULFORD:**  Right.

13         **MR. GALLAGHER:**  You took money out --

14         **DEFENDANT FULFORD:**  And it was money that was someone

15  else's money.

16         **THE COURT:**  That you obtained by fraud.

17         **DEFENDANT FULFORD:**  That --

18         **MR. GALLAGHER:**  Right.  That you obtained by fraud.

19         **DEFENDANT FULFORD:**  That I obtained by fraud, yes.

20         **THE COURT:**  Okay.  So in order to prove a violation

21  of 18USC §2314, the Government would have to prove several

22  essential elements beyond a reasonable doubt.

23         And the elements are that the Government must prove

24  is, first, that the Defendant transported, or caused to be

25  transported in interstate or foreign commerce, items of stolen

1  property as described in the Indictment.  Second, that at the

2  time of such transportation, the Defendant knew that the

3  property had been stolen, converted, taken by fraud.  And

4  third, that the property had a value of $5,000 or more.

5        Knowing or reasonable foreseeability of interstate or

6  foreign transport is not required to convict.  It's enough if

7  the Defendant set in motion a series of events which in the

8  normal course led to the transportation.

9        Property means goods, wares, merchandise, securities

10  or money.  The word "stolen," means all wrongful and dishonest

11  taking of property with intent to deprive the owner of the

12  rights and benefits of ownership, temporarily or permanent.

13      **(Pause)**

14      **THE COURT:**  Do you understand that by pleading

15  guilty, you are waiving the right to make the Government prove

16  beyond a reasonable doubt the essential elements that I have

17  just described?

18          **DEFENDANT FULFORD:**  Yes, your Honor.

19      **THE COURT:**  Did you commit that crime?

20      **DEFENDANT FULFORD:**  Yes, your Honor.

21      **THE COURT:**  Okay.  The penalty for this crime is

22  imprisonment for a term of up to 10 years and a fine of not

23  more than $250,000.  In addition, you will have supervised

24  release of up to a maximum of three years.  And if you violate

25  the conditions of any period of supervised release, then the

18

1  Defendant may be imprisoned for the entire term of supervised

2  release without credit for time already served on the term of

3  supervised release.  There's also a Special Assessment of $100

4  per count of conviction.

5          Do you understand that these are the penalties for

6  this offense?

7          **DEFENDANT FULFORD:**  Yes, your Honor.

8          **THE COURT:**  Is restitution an issue in this case?

9          **MS. BEEK:**  Yes, your Honor.

10          **THE COURT:**  And you further understand that if a plea

11  of guilty is accepted by Judge Ellison, you may be ordered to

12  make restitution?

13          **DEFENDANT FULFORD:**  Yes, your Honor.

14          **THE COURT:**  And you have agreed in the written plea

15  agreement to make full restitution; is that correct?

16      **(Counsel confers with Defendant)**

17          **DEFENDANT FULFORD:**  Yes, your Honor.

18          **THE COURT:**  And full restitution in this case is

19  three point file million dollars.  Is that correct?

20      **(Counsel confers with Defendant)**

21          **MS. BEEK:**  Yes.  And --

22          **MR. GALLAGHER:**  Excuse me.  Can we have -- may I have

23  just one second, your Honor?

24          **THE COURT:**  Uh-huh.

25      **(Counsel confers with Defendant)**

1          **DEFENDANT FULFORD:**  Yes, your Honor.

2          **THE COURT:**  Okay.  Now do you understand that Judge

3     Ellison will determine what amount of restitution will fully

4     compensate the United States?

5          **DEFENDANT FULFORD:**  Yes, your Honor.

6          **THE COURT:**  And forfeiture is also an issue in this

7     case?

8       **(Pause)**

9          **THE COURT:**  Reported on page 14?

10      **(Voices whispering)**

11         **MR. GALLAGHER:**  You pay them $200,000.

12         **MS. BEEK:**  Yes, your Honor.

13         **THE COURT:**  Okay.  Can you state the agreement on the

14    record regarding forfeiture?

15         **MR. GALLAGHER:**  It's the $200,000, the money

16    transported is agreed to be forfeited.

17         **THE COURT:**  Okay.  Do you understand that forfeiture

18    of the assets and restitution are two separate -- two separate

19    things, and they're apart from the sentence and the fine that

20    you will receive?  They are separate and apart.  They're

21    additional to the sentence and the fine.

22         So you've agreed to restitution of up to $3.5 million

23    as set by Judge Ellison.  And you've agreed to forfeiture of

24    $200,000.  And that is in addition to any sentence that the

25    Judge may impose for prison term and any fine that he may

20

1    impose on you.

2          You understand that?

3          **DEFENDANT FULFORD:**  Can I talk to my lawyer?

4          **THE COURT:**  Yes.

5      **(Counsel confers with Defendant)**

6      **(Pause)**

7          **MR. GALLAGHER:**  Thank you, your Honor.

8          **THE COURT:**  Okay.

9          So you understand that the forfeiture and restitution

10   are in addition to, or on top of, any sentence you will receive

11   including any fine.

12         **DEFENDANT FULFORD:**  Yes.

13         **THE COURT:**  Okay.  So according to the Plea

14   Agreement,

15         "The Defendant stipulates and agrees that

16         the Defendant obtained approximately

17         $200,000 from the criminal offense

18         enumerated in Count Four, and that the

19         factual basis for her guilty plea supports

20         the forfeiture of $200,000.

21         And the Defendant stipulates and admits

22         that one or more of the conditions set

23         forth in 21USC §853(p) exists.  Defendant

24         further agrees that any -- to forfeit any

25         of Defendant's property and substitution up

1              to a total forfeiture of $200,000.

2              Defendant agrees to the imposition of a

3              personal money judgment of $200,000."

4         **(Pause)**

5              **THE COURT:**  "Defendant further agrees to

6              waive any and all interest in any asset

7              which is the subject of the -- of a related

8              administrative or judicial forfeiture

9              proceeding whether criminal, civil, federal

10             or state.

11             And Defendant waives the right to challenge

12             the forfeiture of property in any matter,

13             including by direct appeal or in collateral

14             proceeding."

15             That is from the Plea Agreement.  Is that your

16    understanding?

17             **DEFENDANT FULFORD:**  Yes, your Honor.

18             **THE COURT:**  Okay.  This offense carries a maximum

19    term of supervised release of three years.  Supervised release

20    is what happens after you get out of prison.

21             So you will be subject to many conditions during the

22    term of your supervised release once you complete your time in

23    prison.  If you violate any of those conditions, you can be

24    sent back to prison for up to an additional three years in

25    prison with no credit at all for the time that you would have

1  already served on supervised release.

2  **DEFENDANT FULFORD:**  Okay.

3  **THE COURT:**  Do you understand that if you're

4  convicted for another crime, you could be sentenced to

5  additional years in prison and additional time for supervised

6  release.

7  **DEFENDANT FULFORD:**  Yes, your Honor.

8  **THE COURT:**  Do you understand that if you violate the

9  conditions of the supervised release, that you could be sent

10  back to prison for all or part of the term of the supervised

11  release without any credit for the time already served on the

12  supervised release before the violation?

13  **DEFENDANT FULFORD:**  Yes, your Honor.

14  **THE COURT:**  Do you understand that you cannot be

15  placed on probation, or have the imposition or execution of the

16  sentence suspended?

17  **(Pause)**

18  **DEFENDANT FULFORD:**  Yes, your Honor.

19  **THE COURT:**  Do you understand that there is no parole

20  in the federal system.  And the sentence you receive will not

21  be shortened by parole.  That means that you will serve the

22  majority of the prison sentence that Judge Ellison imposes if

23  he accepts your guilty plea.

24  Do you understand that?

25  **DEFENDANT FULFORD:**  Yes, your Honor.

1        **THE COURT:**  DO you understand that the charges

2   pending against you and the punishment you may face if Judge

3   Ellison accepts your plea?

4        **DEFENDANT FULFORD:**  Yes, your Honor.

5     **(Pause)**

6        **THE COURT:**  Okay.  So there's a written plea

7   agreement in this case, correct?

8        **MR. GALLAGHER:**  Yes, your Honor.

9        **THE COURT:**  Okay.  And so can you please state for

10  the record all the terms of the Plea Agreement?

11       **MS. BEEK:**  Your Honor, I'll summarize the Plea

12  Agreement.

13       The Defendant, Miss Fulford, who goes by, or has in

14  the past gone by various aliases that are outlined in the

15  indictment, is going to plead guilty to Count Four of the

16  Indictment.

17       In that plea agreement she is agreeing to waive her

18  right to appeal, except for ineffective assistance of counsel,

19  and actually to -- to a sentence in excess of the statutory

20  minimum.  I believe that will be an exception as well.

21       The Defendant agrees that the loss from her criminal

22  conduct is $3.5 million.  She's agreeing to pay restitution of

23  $3.5 million to the four known victims of her criminal conduct.

24  And that agreement to pay that restitution is regardless of the

25  count of conviction.

24

1          The Government agrees that it will not further

2     criminally prosecute the Defendant in the Southern District of

3     Texas for offenses arising from the conduct that's the basis of

4     the charge in the indictment.

5          Mr. Gallagher and I have discussed this, and it's in

6     the Plea Agreement, that this is binding only in the U.S.

7     Attorney's Office for the Southern District of Texas and the

8     Defendant.  And I say that because there's another pending

9     state charge in Louisiana that has nothing to do with -- with

10    this.

11         The Government agrees that it will not oppose the

12    downward adjustment that Miss Fulford accepts responsibility

13    pursuant to -- to the Sentencing Guidelines, unless she engages

14    in some conduct is not consistent with accepting responsibility

15    or if the Presentence Report finds that she has not accepted

16    responsibility.

17         The Government agrees that it will also request an

18    additional one level downward adjustment if the Defendant

19    qualifies, as we anticipate she will, for an adjustment under

20    §3(e)(1.1)(A) if the offense level is 16 or greater.

21         If the Defendant pleads guilty to Count Four and

22    persists in her plea through sentencing and the Court accepts

23    the Plea Agreement, the Government will -- that shouldn't be

24    discuss -- the Government will dismiss the remaining counts of

25    the indictment after sentencing.

25

1          Those are the main points of the Plea Agreement, your

2  Honor.

3          **THE COURT:**  Okay.  Miss -- Miss Fulford, are those

4  terms of the Plea Agreement with the Government as you

5  understand them?

6          **DEFENDANT FULFORD:**  Yes, your Honor.

7          **THE COURT:**  Mr. Gallagher, do you understand those to

8  be the terms of the Plea Agreement with the Government?

9          **MR. GALLAGHER:**  I do.

10          **THE COURT:**  Is there a mandatory minimum sentence?

11          **MS. BEEK:**  No.

12          **THE COURT:**  Okay.  Miss Fulford, do you understand

13  that you and the Government, as part of the Plea Agreement,

14  have agreed to dismiss certain counts that have been made

15  against you?  And that is part of the Plea Agreement, right?

16          **MR. GALLAGHER:**  Correct.

17          **THE COURT:**  Or not to bring certain other charges.

18          Do you understand that?

19          **DEFENDANT FULFORD:**  Yes, your Honor.

20          **THE COURT:**  And even if certain counts are dismissed,

21  Judge Ellison may still consider the conduct alleged in those

22  counts as relevant conduct in determining your sentence.  Judge

23  Ellison can consider relevant conduct even if it's not included

24  in the count that you're pleading guilty to to make your

25  sentence more severe.

1          Do you understand that Judge Ellison can still

2  consider the conduct that forms the basis of the counts being

3  dismissed when deciding your sentence?

4          **(Voices whispering)**

5          **THE COURT:**  In other words, he can consider

6  everything that you have been charged with, even though you're

7  pleading guilty only to the charges in Count Four.  He can

8  consider all of those charges in making his determination.

9          **(Pause)**

10          **MR. GALLAGHER:**  May I have a second?

11          **THE COURT:**  Sure.

12          **(Counsel confers with the Defendant)**

13          **(Pause)**

14          **MR. GALLAGHER:**  Thank you, your Honor.

15          **DEFENDANT FULFORD:**  Thanks, your Honor.

16          **THE COURT:**  Okay.

17          So you understand that Judge Ellison can still

18  consider the conduct that forms the basis of the counts being

19  dismissed when deciding your sentence.

20          **DEFENDANT FULFORD:**  Yes, your Honor.

21          **THE COURT:**  Okay.  And do you understand that the

22  Probation Office will -- will prepare a Presentence Report for

23  Judge Ellison which may have other information in it that is

24  not included in the Indictment?

25          **DEFENDANT FULFORD:**  Yes, your Honor.

27

1        (Pause)

2            **THE COURT:**  Do you understand that your attorney may

3    ask Judge Ellison for a downward adjustment under the

4    Sentencing Guidelines to reduce your sentence?

5            **DEFENDANT FULFORD:**  Yes, your Honor.

6            **THE COURT:**  And do you understand that as part of the

7    Plea Agreement the Government is agreeing not to oppose your

8    attorney's request to reduce your sentence?

9            **DEFENDANT FULFORD:**  Yes, your Honor.

10           **THE COURT:**  Do you understand that even if the

11   Government doesn't oppose your attorney's request to reduce

12   your sentence, Judge Ellison can refuse the downward

13   adjustment?

14           **DEFENDANT FULFORD:**  Yes, your Honor.

15           **THE COURT:**  As part of the Plea Agreement --

16           **MR. GALLAGHER:**  And that's --

17           **MS. BEEK:**  Your Honor, I'm sorry.  That's not

18   actually part of our agreement.

19           We probably will oppose a request for a downward

20   adjustment.

21           **MR. GALLAGHER:**  Yeah.  And also the Government hasn't

22   made any promises about what the sentence it will --

23           **THE COURT:**  Okay.

24           **MR. GALLAGHER:**  -- recommend.

25           **THE COURT:**  Oh, I thought I had read that in here.

28

1          **MR. GALLAGHER:**  No.  We've agreed to some

2    Guidelines --

3          **MS. BEEK:**  Guideline adjustments.

4          **MR. GALLAGHER:**  -- Guidelines issues.

5          **MS. BEEK:**  The two points and one point.  That's all.

6          **THE COURT:**  Government agrees it will not --

7          **MR. GALLAGHER:**  And then the loss amount, but --

8    but --

9          **THE COURT:**  -- oppose -- it says right here, though.

10   "The Government agrees it will not oppose a downward adjustment

11   for acceptance of responsibility."

12         **MR. GALLAGHER:**  Oh, does it?

13         **THE COURT:**  If for acceptance of responsibility

14   pursuant to 3(e)(1.1) --

15         **MR. GALLAGHER:**  Oh, right.

16         **THE COURT:**  -- unless the Defendant engaged in

17   conduct that otherwise is in -- acts in a manner inconsistent

18   with accepting responsibility.

19         **MR. GALLAGHER:**  Right.  Your Honor, I think that

20   the --

21         **THE COURT:**  And it further says --

22         **MR. GALLAGHER:**  Sorry.

23         **THE COURT:**  -- that the Government agrees to request

24   an additional downward adjustment if the Defendant qualifies.

25         **MS. BEEK:**  Maybe we're talking about different

```
1    things.  A downward adjustment for two points for acceptance of

2    responsibility.  That's correct.  We're not going to oppose

3    that.  And the additional one point.

4              THE COURT:  Okay.

5              MS. BEEK:  But anything beyond that, like a variance,

6    we will oppose.

7              THE COURT:  Okay.

8              MR. GALLAGHER:  And, yeah.  And that's our

9    understanding.  The Government hasn't -- other than the

10   acceptance which Miss Beek just outlined, the Government hasn't

11   made any promises about what sentence it will seek.

12             THE COURT:  Okay.

13         (Pause)

14             MS. BEEK:  We're not going to object to her

15   acceptance points if she accepts.

16             MR. GALLAGHER:  Right.

17             THE COURT:  Okay.

18         Do you understand that the Plea Agreement and the

19   agreements has made with what it will -- what it will agree to

20   on any downward adjustment is not binding on Judge Ellison, and

21   he may impose whatever sentence he determines is just?

22             DEFENDANT FULFORD:  Yes, your Honor.

23             THE COURT:  So that's the main point of this whole --

24             MR. GALLAGHER:  Right.

25             THE COURT:  -- line of questioning.
```

30

1          Whatever you've agreed to with the Government,

2  whatever your attorney decides to do in terms of requesting how

3  Judge Ellison sentenced you, he's not bound by anything.

4          **DEFENDANT FULFORD:** Okay.

5          **THE COURT:** He's not bound by the Plea Agreement.

6  He's not bound by the Government's recommendation, whether it's

7  for or against what your attorney asked for. And he's not

8  bound by your attorney's request.

9          **DEFENDANT FULFORD:** Okay.

10         **THE COURT:** He will make the decision based on the

11 Presentence Report, based on the Indictment, and whatever

12 information is presented to him on what the appropriate

13 sentence should be.

14         Do you understand that?

15         **DEFENDANT FULFORD:** Yes. Yes, your Honor. I do.

16     **(Pause)**

17         **THE COURT:** Do you understand that if Judge Ellison

18 decides not to accept any recommendation from the U.S. Attorney

19 or the request from your attorney, you will not be allowed to

20 withdraw your guilty plea?

21         **DEFENDANT FULFORD:** Yes, your Honor.

22     **(Pause)**

23         **THE COURT:** Okay. Have you and your attorney talked

24 about what sentence you might get and how the Sentencing

25 Commission Guidelines might apply in your case?

31

1          **DEFENDANT FULFORD:**  Yes.  Yes, your Honor.

2          **THE COURT:**  And do you understand that your lawyer

3  cannot predict what the sentence in this case will be?

4          **DEFENDANT FULFORD:**  I do.  Yes, your Honor.

5          **THE COURT:**  And while your attorney does his best to

6  inform you about sentencing, anything your attorney has told

7  you is simply an estimate and not a promise.

8          Do you understand that?

9          **DEFENDANT FULFORD:**  Yes, your Honor.

10          **THE COURT:**  Do you understand that you cannot

11  withdraw your guilty plea, even if your sentence is more than

12  you expect?

13          **DEFENDANT FULFORD:**  Yeah.  Yeah.  Yes, your Honor.

14          **THE COURT:**  You will be bound by your guilty plea

15  even if Judge Ellison sentenced you to the maximum sentence and

16  rejects the recommendations of -- that the Government has

17  agreed to in the Plea Agreement.  Once your plea -- once you

18  plead guilty, you are stuck with the plea.

19          Do you understand that?

20          **DEFENDANT FULFORD:**  Yes, your Honor.

21          **THE COURT:**  Do you understand that Judge Ellison will

22  have more information than what's in the indictment when he

23  decides your sentence.  The Probation Office will do a

24  Presentence Investigation and prepare a Presentence Report.

25  That report may have more information than what's in the

32

1    indictment.

2            The information in the Presentence Report and other

3    factors can affect the Sentencing Guideline Range that will be

4    used to determine your -- your sentence.  For example, the

5    amount of money that you are held responsible for can affect

6    your sentence.  Conduct that's dismissed can be considered.

7            So do you understand that the conduct and the

8    information --

9        **(Pause)**

10       **THE COURT:**  -- that the Government doesn't have right

11   now in this indictment can affect your sentence?

12       **DEFENDANT FULFORD:**  Yes, your Honor.

13       **(Pause)**

14       **THE COURT:**  And do you understand that conduct or

15   information that is not included in what you're pleading guilty

16   to today can affect your sentence?

17       **DEFENDANT FULFORD:**  I'm sorry, your Honor.  Could you

18   say that again?

19       **THE COURT:**  Do you understand the conduct or

20   information not included in what you're pleading guilty to

21   today can affect your sentence?

22       **DEFENDANT FULFORD:**  Yes, your Honor.

23       **THE COURT:**  Do you also understand that the

24   Sentencing Guidelines are only advisory.  And even after Judge

25   Ellison determines what the Guideline ranges are that apply to

1    your case, he can assess a harsher or a lighter sentence than

2    what is called for in the Guidelines, as long as it's not more

3    than the maximum sentence allowed for under the statute.

4            **DEFENDANT FULFORD:**  Yes, your Honor.

5            **THE COURT:**  You have entered into a Plea Agreement

6    which waives your right to appeal your conviction and your

7    sentence.  You are waiving all of your rights to appeal or

8    attack your conviction and sentence, except for your right to

9    assert a claim for ineffective assistance of counsel.

10           Do you understand that you are waiving your right to

11   collaterally attack or challenge this sentence later?

12           **DEFENDANT FULFORD:**  Yes, your Honor.

13           **THE COURT:**  The Government, on the other hand, will

14   still have the right to appeal the sentence or the way it was

15   imposed even though you cannot appeal.

16           Do you understand that the Government is not giving

17   up its right to appeal?

18           You look confused.  Do you want to talk to your

19   attorney about that?

20       **(Counsel confers with Defendant)**

21       **(Pause)**

22           **THE COURT:**  Do you understand that the Government is

23   not giving up its right to appeal even though you are?

24           **DEFENDANT FULFORD:**  Yes, your Honor.

25           **THE COURT:**  Do you understand that parole has been

34

1    abolished and that if you were sentenced to prison, you will

2    not be released early on parole?

3          **DEFENDANT FULFORD:**  Yes, your Honor.

4          **THE COURT:**  Before I can accept your plea, I must

5    make a -- a determination that there is a factual basis to find

6    you guilty.

7       **(Pause)**

8          **THE COURT:**  Mr. Gallagher, does the Defendant waive

9    the reading of the Indictment?

10         **MR. GALLAGHER:**  Yes, your Honor.

11      **(Pause)**

12         **THE COURT:**  Miss Beek, can you summarize the facts in

13   this case, please.

14         **MS. BEEK:**  Yes, your Honor.

15         If the United States were to proceed to trial, the

16   United States would prove each and every factual allegation in

17   the Indictment beyond a reasonable doubt --

18         **THE COURT:**  Okay.

19         **MS. BEEK:**  -- including a summary of --

20         **THE COURT:**  Wait.  Wait.

21         **MS. BEEK:**  -- the following.

22         **THE COURT:**  Before you continue.

23         I just want you to listen very carefully to what Miss

24   Beek is -- Beek is saying because afterwards I'm going to ask

25   you questions.  Okay?

35

1          **MR. GALLAGHER:**  Sorry.  Can I -- hold one second.

2          **THE COURT:**  Okay.

3          **MR. GALLAGHER:**  Sorry.  Real fast.

4      **(Counsel confers with Defendant)**

5          **MR. GALLAGHER:**  Thank you.

6          **THE COURT:**  Okay.  Cause I'm going to ask you after

7  she finishes summarizing the facts of the case whether you

8  think there are any changes, additions, modifications, or

9  corrections that you would like to make to what she says.

10          So please listen very carefully to the summary of the

11  facts.  Okay?  Go ahead.

12          **MS. BEEK:**  Your Honor, the United States would prove

13  beyond a reasonable doubt that,

14          "Miss Fulford who had various names that

15          are outlined in the Indictment over a

16          period of time, and resided in different

17          places around the United States, including

18          in the Southern District of Texas, between

19          some time in or about 2011 until in or

20          about 2013.  At various time during the

21          period outlined in the Indictment she

22          was -- said she was married to different

23          individuals whose initials are also laid

24          out in the indictment.

25          Miss Fulford and a husband whose initials

1          were F.K., were associated with a company

2          called Premier Management that purported to

3          be the agent for at least one professional

4          athlete.  Premier Financial Management,

5          Inc. was incorporated in the state of

6          Georgia.  And Miss Fulford was listed as

7          its Chief Financial Officer.

8          King Management Group, an associated LLC,

9          was organized under the laws of the state

10         of Florida.  Miss Fulford was listed as its

11         Registered Agent and Managing Member.

12         Miss Fulford exercised authority and

13         control over dozens of bank accounts,

14         including the following five:  one at Wells

15         Fargo ending in 245, another at Wells Fargo

16         ending in 105, another Wells Fargo ending

17         in 567, another one ending in 514, and

18         another one ending in 061.

19         From about 2001 until 2014, Miss Fulford

20         obtained and misappropriated funds

21         entrusted to her by at least four

22         professional athletes.  The provable loss

23         from Miss Fulford's criminal conduct is

24         $3,500,000.

25         Miss Fulford obtained the money by falsely

37

1         telling the athlete victims that she would

2         use their money exclusively to pay their

3         bills, including their income tax payments,

4         and to make retirement investments for

5         them.  Instead Miss Fulford diverted

6         millions of victim funds through dozens of

7         bank accounts to pay for her own personal

8         expenses.

9         Miss Fulford communicated with victims in

10        person, by phone, by email, inducing them

11        to open or give her access to bank accounts

12        which she raided and used for personal

13        expenses.  Miss Fulford falsely told

14        victims that she had graduated from Harvard

15        Law School and Harvard Business School, and

16        at various times had made millions on Wall

17        Street, had made millions by buying selling

18        hospitals, and had made millions on real

19        estate in the Bahamas.

20        Miss Fulford never requested a fee and told

21        victims that she was providing her services

22        for free because she already had millions

23        and just wanted to protect the athletes

24        from using -- losing their money.

25        Miss Fulford failed to inform the victims

38

1              that she used most of their money, or

2              intended to use most of their money, for

3              her own personal expenses.

4              On or about March 15th, 2013, Miss Fulford

5              did knowingly transport, transmit, and

6              transfer in interstate commerce, and caused

7              to be transported, transmitted in

8              interstate commerce $200,000 of victim

9              L.H.'s money from Montana to Texas, knowing

10             that the $200,000 was obtained by fraud."

11             **THE COURT:**  Okay.  You have heard the Government

12  summarize the facts, Mrs. Fulford.  Are there any corrections,

13  changes, additions, or modifications that you would like to

14  make?

15      **(Pause)**

16          **MR. GALLAGHER:**  May I -- can I --

17          **THE COURT:**  Uh-huh.

18      **(Counsel confers with Defendant)**

19      **(Pause)**

20          **DEFENDANT FULFORD:**  Yes, your Honor.  I'm back.

21  Thank you.

22          **THE COURT:**  Okay.  So do you have any changes or

23  modifications you want to make?

24          **DEFENDANT FULFORD:**  No, your Honor.

25          **THE COURT:**  Okay.  Are these facts true and correct?

39

1           **DEFENDANT FULFORD:**  Yes, your Honor.

2           **THE COURT:**  You knew what you were doing was illegal.

3       **(Pause)**

4           **DEFENDANT FULFORD:**  Yes, your Honor.

5           **THE COURT:**  No one forced you to commit those acts.

6           **MR. GALLAGHER:**  You weren't under duress.

7           **DEFENDANT FULFORD:**  Yes, your Honor.

8           **MR. GALLAGHER:**  No, you -- were you under duress?

9           **DEFENDANT FULFORD:**  Oh.

10          **MR. GALLAGHER:**  Was someone forcing you?

11          **DEFENDANT FULFORD:**  No, your Honor.

12          **THE COURT:**  Okay.  The Court will recommend to Judge

13    Ellison that a factual basis exists for the guilty plea.

14       **(Pause)**

15          **THE COURT:**  Now, Miss Fulsome [sic] are you stating

16    here in Court under oath that all the allegations and facts in

17    the Indictment are true and correct?

18          **DEFENDANT FULFORD:**  Yes, your Honor.

19          **THE COURT:**  Are you making your plea of guilty to

20    Count Four freely and voluntarily?

21          **DEFENDANT FULFORD:**  Yes, your Honor.

22          **THE COURT:**  Has anyone forced you, threatened you,

23    coerced you, or any other person to get you to plead guilty?

24          **DEFENDANT FULFORD:**  No, your Honor.

25          **THE COURT:**  Are you pleading guilty because of any

40

1    promise made to you apart from the Plea Agreement?

2            **DEFENDANT FULFORD:**  No, your Honor.

3            **THE COURT:**  Are you pleading guilty to protect

4    another person from criminal prosecution?

5            **DEFENDANT FULFORD:**  No, your Honor.

6            **THE COURT:**  Are you pleading guilty because you are

7    guilty and for no other reason?

8            **DEFENDANT FULFORD:**  Yes, your Honor.

9            **THE COURT:**  Have you read and do you understand the

10   Plea Agreement?

11           **DEFENDANT FULFORD:**  Yes, your Honor.

12           **THE COURT:**  Mr. Gallagher, do you know of any reason

13   why the Defendant should not plead guilty?

14           **MR. GALLAGHER:**  No, your Honor.

15           **THE COURT:**  Do you know of any meritorious defenses

16   that the Defendant would have to Count Four to which she is

17   pleading guilty?

18           **MR. GALLAGHER:**  No, your Honor.

19           **THE COURT:**  Okay.  Miss Beek, do you know of any

20   additional admonishments that should be given before Miss

21   Fulsome [sic] signs the Plea Agreement?  Fulford.

22           **MS. BEEK:**  No, your Honor.

23           **THE COURT:**  Okay.  Miss Fulford, how do you plead to

24   the charge?  Guilty or not guilty?

25           **DEFENDANT FULFORD:**  Guilty, your Honor.

41

1          **THE COURT:**  Are you ready to sign the Plea -- Plea

2   Agreement?

3          **DEFENDANT FULFORD:**  Yes, your Honor.

4          **THE COURT:**  Okay.  Miss Felchek will place you under

5   an additional oath.

6          **DEFENDANT FULFORD:**  Okay.

7          **THE CLERK:**  Do you swear that everything in the

8   affidavit, excuse me, in the Plea Agreement is true to the best

9   of your knowledge?

10          **DEFENDANT FULFORD:**  Yes.  Thank you.

11      **(Pause)**

12      **(Counsel confers with Defendant)**

13          **THE COURT:**  And then can I get you to the consent to

14   appear before me.

15          **MR. GALLAGHER:**  This is what we talked before.

16   Judge, is it ready?

17          **THE CLERK:**  Yes, sir.

18          **MR. GALLAGHER:**  I'll sign.  You have to hold it up

19   here for some reason.

20      **(Counsel confers with the Defendant)**

21      **(Pause)**

22          **MR. GALLAGHER:**  That's done.

23      **(Pause)**

24          **THE COURT:**  Okay.  These are the Court's findings.

25          I find that the Defendant is clearly mentally

42

1  competent and capable of entering an informed plea.  I find

2  that this plea is supported by independent facts establishing

3  all of the elements of the offense, and that the Defendant

4  intended to do the acts she committed.

5          I find that the Defendant's plea of guilty is

6  voluntarily, freely, and knowingly made, and that the Defendant

7  understands the nature of these proceedings, and understands

8  the consequences of her plea of guilty, and this is an informed

9  plea.

10          I will recommend to Judge Ellison that he accept your

11  plea of guilty and find you guilty as charged in Count Four of

12  the Indictment.

13          As I stated earlier, a Presentence Investigation will

14  be conducted and a report will be prepared by the Probation

15  Office to assist Judge Ellison in sentencing.  A Probation

16  Officer will interview you.  You are required to give the

17  Probation Officer information for the report.  Your attorney

18  may be present if you wish.

19          You and your counsel will be permitted to read the

20  Presentence Report before the Sentencing Hearing and make any

21  objections to the report if you feel it contains any errors.

22          Okay.  Mr. Gallagher, will you be making arrangements

23  for the Presentence Report?

24          **MR. GALLAGHER:**  I will.

25          **THE COURT:**  Now according to the order for PSI

43

1  disclosure date and sentencing, the --

2          **THE CLERK:**  You have it there.

3          **THE COURT:**  The sentencing -- I have it, yeah.

4          **THE CLERK:**  Can I get copies, then.

5          **THE COURT:**  Yeah.

6          The sentencing is set for April 26th at 10:30 a.m.

7  before Judge Ellison.

8      **(Pause)**

9          **THE COURT:**  And then order that Carol has to hand

10 you --

11         **THE CLERK:**  I'm sorry.  It had the older dates for

12 the -- for the PSI disclosure date and the sentencing date.

13         **THE COURT:**  Okay.

14     **(Pause)**

15     **(Court confers with Clerk)**

16         **THE COURT:**  Okay. So is the Defendant currently in

17 custody?

18         **MR. GALLAGHER:**  No.

19         **THE COURT:**  All right.  What are the Defendant's

20 present conditions of release?

21         **MR. GALLAGHER:**  I'd have to look through them all.

22         She resides -- she's -- resides in New Orleans, I'm

23 sorry, resides in Louisiana and is allowed --

24         **DEFENDANT FULFORD:**  In New Orleans.

25         **MR. GALLAGHER:**  I'm sorry.  In New Orleans and is

44

1   allowed to travel for Court.

2           **MS. BEEK:**  And the Government has no objection to

3   continuing the current conditions of bond as they exist and as

4   they're written down and She's been under --

5           **MR. GALLAGHER:**  It is -- yeah.  There's been no

6   report --

7           **MS. BEEK:**  Whatever they are.

8           **MR. GALLAGHER:**  -- of any non-compliance at any

9   point --

10          **MS. BEEK:**  Right.

11          **MR. GALLAGHER:**  -- in the 13 months pendency of this

12  case.

13          **MS. BEEK:**  And she's traveled back and forth as

14  necessary travel for appearances.

15          **THE COURT:**  Okay.  So she's out on bond.  There are

16  conditions of release.  And the Government has no objection to

17  her continuing in that -- or on that bond.

18          **MS. BEEK:**  On the same conditions, yes.

19          **THE COURT:**  Okay.  With the same conditions.  Okay.

20          Is there anything else at this time?

21          **MR. GALLAGHER:**  No, your Honor.

22          **MS. BEEK:**  No, your Honor.

23          **THE COURT:**  All right.  Then you're excused.

24          **MS. BEEK:**  Thank you.

25          **MR. GALLAGHER:**  Thank you, Judge.

45

1                    **(This proceeding was adjourned at 04:33 p.m.)**

46

1                          <u>CERTIFICATION</u>

2

3    I certify that the foregoing is a correct transcript from the

4    electronic sound recording of the proceedings in the above-

5    entitled matter.

6

7

8        /s/Cheryl L. Battaglia                    November 18, 2018

9            Transcriber                               Date

10   H-16-CR-0551

11   02/01/18 - 11/18/18