IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. H-16-551 |
| § | |
| PEGGY FULFORD § | |

### RESPONSE OF THE UNITED STATES TO
### DEFENDANT'S REQUEST FOR HOME CONFINEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Belinda Beek, Assistant United States Attorney, opposes defendant's request that she be released and responds as follows:

I.

On November 7, 2018, this Court sentenced defendant to 120 months in prison after defendant pleaded guilty to one count of interstate transportation of stolen property that involved several professional athletes.

Defendant mailed a letter to the Court that was docketed on March 31, 2020 as docket entry #73. The letter is, in fact, a Motion for Compassionate Release. In the letter, defendant acknowledges that she is only in month 17 of a 120-month sentence, but asks that she be released on home confinement for the remainder of her sentence (i.e., the next eight and a half years) to care for her 86 year old father

who lives in New Orleans because defendant claims "…prior to my incarceration I was his primary and only caregiver."

## II.

A defendant seeking compassionate release must comply with 18 USC § 3582(c)(1)(A) and defendant has not done so.  The statute requires that a request for compassionate release be presented first to the Bureau of Prisons (BOP) for its consideration.  Only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal BOP's failure to move on the defendant's behalf, may a defendant move for compassionate relief in court.  That restriction is mandatory.  The compassionate release statute provides, in pertinent part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) In any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…18 USC § 3582(c)(1)(A)

III.

Defendant has failed to comply with 18 USC § 3582(c)(1)(A)'s exhaustion requirement: the BOP has not had thirty days to consider Fulford's request to move for compassionate release on her behalf nor has Fulford administratively exhausted any adverse decision by BOP.

Fulford's motion is premature. However, the United States disputes defendant's caregiver assertion and notes that defendant's bond was revoked prior to sentencing because, among other things, defendant was suspected of defrauding her elderly father while on bond [See Docket Entry #37—Gov's Motion to Revoke Bond]  Additionally, this Court already rejected defendant's "caregiver" argument at sentencing.  The only thing different from defendant's prior argument is the existence of COVID-19.  Motions based on the mere existence of COVID-19 in society cannot independently justify compassionate release and "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."  *United States v. Raia*, 2020 WL—(3d Cir. Apr. 2, 2020)(citations omitted).

IV.

Because the restrictions of § 3582(c)(1)(A) are mandatory, the Court lacks authority to act on defendant's motion for compassionate release at this time.  The United States therefore respectfully asks that the Court deny defendant's request.

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS


By:

<u>/s/ Belinda Beek</u>
Belinda Beek
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-16-551 |
| PEGGY FULFORD | § § | |

## ORDER

The Court having considered the defendant's request for release to home confinement and the response of the United States hereby **DENIES** defendant's request.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE