United States District Court
Southern District of Texas
**ENTERED**
June 14, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v. § <br> § CRIMINAL ACTION NO. 16-551 <br> PEGGY ANN FULFORD, a/k/a § <br> PEGGY KING; a/k/a PEGGY § <br> WILLIAMS; a/k/a PEGGY BARARD; § CIVIL ACTION NO. H-19-4361 <br> a/k/a PEGGY SIMPSON; a/k/a § <br> PEGGY RIVERS; a/k/a DEVON § <br> COLE; a/k/a DEVON BARARD § | |

## MEMORANDUM OPINION AND ORDER

Defendant Peggy Ann Fulford, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Docket Entry No. 66.) The Government filed a response in opposition. (Docket Entry No. 70.)

Having considered the motion, the response, the record, and the applicable law, the Court **DENIES** defendant's section 2255 motion and **DISMISSES** her claims with prejudice for the reasons shown below.

### I. BACKGROUND AND CLAIMS

Defendant pleaded guilty to one count of interstate transportation of stolen property in violation of 18 U.S.C. § 2314. The Court sentenced her to a 120-month term of imprisonment, restitution in the amount of $5.8 million, and a three-year term of supervised release. (Docket Entry No. 59.) Judgment was entered on November 13, 2018. No appeal was taken.

In her pending section 2255 motion, defendant challenges her conviction and sentence under the following grounds for relief:

1. The Court erred in the calculation of her sentence under the guidelines by

    a. denying her credit for accepting responsibility;

    b. failing to award credit for lack of a prior criminal record; and

    c. adding additional sentencing points for allegations that were never proven in a court of law.

2. Trial counsel was ineffective in the following particulars:

    a. inducing her to plead guilty by leading her to believe that the case was not very strong;

    b. advising her that if she pleaded guilty to one count with no prior criminal record, she would receive no more than a two-to-three-year prison sentence;

    c. advising her not to discuss her client relationships during her PSR interview, when the PSR subsequently included extensive information regarding her client relationships that was used to increase her guideline range;

    d. not considering additional potential defendants; and

    e. allowing her husband to testify against her at sentencing, when he should have been implicated as a co-defendant.

2

As her sole judicial relief, defendant requests a reduction in her sentence. The Government argues that defendant's habeas grounds have no merit and that the section 2255 motion should be denied.

## II. LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his or her sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Moreover, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default, and actual prejudice resulting from the error. *Placente*, 81 F.3d at 558.

Section 2255 relief is available only in limited circumstances, and is not meant to substitute for an appeal. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). Issues raised and decided on appeal from the underlying conviction are not considered in section 2255 proceedings. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in section 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

## III. ANALYSIS

A. <u>Guidelines Error</u>

Defendant contends that her sentence was excessive because the Court failed to award credit for acceptance of responsibility under U.S.S.G. § 3E1.1, miscalculated her criminal history score by failing to award credit for her lack of a prior criminal record, and added sentencing points for unproven allegations. The Court liberally construes defendant's claims as raising guidelines error in the calculation of her sentence.

As correctly argued by the Government, these claims are barred by defendant's enforceable waiver in her written plea agreement, which precludes her from challenging her sentence in a post-conviction proceeding. In her plea agreement, defendant expressly agreed that she "knowingly and voluntarily waives the right to appeal or to collaterally attack the conviction and sentence," except as to claims for ineffective assistance of counsel. (Docket Entry No. 29, p. 4.)

4

Further, defendant's sentencing guideline claims are not cognizable in a section 2255 proceeding. The Fifth Circuit Court of Appeals has held that misapplications of the guidelines do not raise an issue of constitutional dimension for purposes of section 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the guidelines is not a constitutional issue cognizable under section 2255). Thus, defendant's claims that the Court incorrectly applied the guidelines are not cognizable on section 2255 collateral review, and the claims must be dismissed.

Regardless, the claims have no merit. Defendant has no constitutional right to credit for acceptance of responsibility. The Court properly declined to award defendant credit for acceptance of responsibility under U.S.S.G. § 3E1.1 because she lied to the magistrate judge at her initial appearance when seeking appointed counsel, and she continued to engage in criminal activity following her arrest. These considerations were discussed at sentencing. (Docket Entry No. 64, pp. 9–12.) The Court stated its reasons for denying acceptance of responsibility:

> I think she failed to accept responsibility because she never fully withdrew from the schemes of fraud and misrepresentation even after the fraud was finally identified.
>
> I do think the statutory max is appropriate, a sentence of 120 months followed by three years period of supervised release; restitution in the amount of $5,794,870.

*Id.*, pp. 46–47. Defendant's claim warrants no relief.

Defendant also incorrectly argues that the Court miscalculated her criminal history score by failing to award credit for her lack of a prior criminal record. Defendant's total criminal history score was zero. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of is a criminal history category of 1. Defendant's sentence was calculated using a criminal history category of 1, and her claim has no merit. (Docket Entry No. 42, ¶¶ 281, 327.)

Defendant next contends that her sentence was improperly calculated under the guidelines because sentencing points were added for "unproven allegations." However, the facts leading to defendant's sentence calculations came from the lengthy Offense Conduct section of the PSR in this case. It is well established in this circuit that "[a] district court may adopt facts contained in the PSR without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *United States v. Mazkouri*, 945 F.3d 293, 303 (5th Cir. 2019) (quotation marks omitted). Defendant did not object to the information and the Court properly adopted the PSR for purposes of calculating defendant's sentence under the guidelines.

Further, defendant was advised at her plea hearing that information appearing in the PSR and other factors could affect her sentencing guideline range, and that conduct and information not set out in the indictment could affect her sentence. (Docket Entry No. 62, p. 32.) Defendant stated on the record that she understood "conduct or information that is

not included in what [she was] pleading guilty to [could] affect [her] sentence." *Id.* Defendant fails to establish a violation of her constitutional rights in arguing that "unproven allegations" in the PSR were used in the calculation of her sentence under the guidelines.

Defendant's claims alleging misapplication of the sentencing guidelines are **DISMISSED WITH PREJUDICE**.

B. <u>Ineffective Assistance of Trial Counsel</u>

Defendant's claims for ineffective assistance of counsel are not foreclosed by her written plea agreement waiver. However, a knowing and voluntary plea of guilty waives all non-jurisdictional habeas claims except as to ineffective assistance claims directly affecting the validity of the plea. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Defendant raises only two habeas claims that challenge the validity of the guilty plea on the basis of ineffective assistance: a claim that counsel induced her to plead guilty by misleading her as to the strength of the case, and a claim that counsel misadvised her as to the sentence she would receive. Defendant's remaining three claims of ineffective assistance complain of actions or events that do not challenge the validity of the guilty plea, and were thus waived by her plea.

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant has the burden to prove both deficient performance and actual prejudice – that is, the defendant must establish that, but for counsel's alleged error, there is a reasonable probability that the result of the proceeding

7

would have been different. To establish ineffective assistance in context of a guilty plea, a defendant must demonstrate that, but for counsel's error, he or she would not have pleaded guilty and would have elected to proceed to trial. *See Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1965 (2017). To establish prejudice in context of federal sentencing, a defendant must show "a reasonable probability that, but for [counsel]'s actions, [the defendant] would have received a lesser sentence[.]" *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004). Conclusory and unsupported allegations of deficient performance or prejudice are insufficient to raise an issue of constitutional dimension. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (holding that "mere conclusory allegations on a critical issue" are insufficient to raise a constitutional issue); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

In the first of her two claims, defendant argues that counsel induced her to plead guilty by leading her "to believe that the federal case was not very strong[.]" (Docket Entry No. 66, p. 8.) Her argument is illogical, and would make sense only if she were arguing that counsel led her to believe her *defensive theory* was not very strong. Indeed, at rearraignment, defense counsel expressly stated that he did not know "of any meritorious defenses" defendant had to the guilty plea count. (Docket Entry No. 62, p. 42.) However, defendant fails to direct the Court to any evidence in the record supporting an argument that she had a defensive theory, much less a strong defensive theory. Nor does she demonstrate

8

that, but for counsel's alleged error, she would not have pleaded guilty and would have elected to proceed to trial, or that she would have received a lesser sentence. Defendant's claim is unsupported in the record and has no merit.

In her second claim, defendant contends counsel misadvised her that, if she pleaded guilty to one count of the indictment with no prior criminal record, she would receive a two-to-three-year prison sentence. In support, she states that she "had a plea agreement which indicated a maximum sentence of 2-3 years," which was "completely disregarded at the sentence hearing." (Docket Entry No. 66, p. 9.) Defendant fails to direct the Court to any evidence in the record showing that she had a plea agreement for "2-3 years." The only plea agreement appearing in the record before this Court expressly reflects the following:

> Defendant is aware that a sentence as not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that [s]he may have received from her counsel, the United States, or the Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office, or the Court. *The United States does not make any promise or representation concerning what sentence Defendant will receive.*

(Docket Entry No. 29, pp. 4–5, emphasis added.) Additionally, defense counsel stated at rearraignment that "the Government hasn't made any promises about what sentence it will seek." (Docket Entry No. 62, p. 29.) Defendant acknowledged in open court that she understood her counsel could not predict the Court's subsequent sentence, and that anything he said was an estimate and not a promise. *Id.*, p. 31. Defendant's claim of being promised

9

a certain sentence is unsupported in the record and merits no relief. *See Miller*, 200 F.3d at 282.

For these reasons, defendant's claims for ineffective assistance of trial counsel are **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION

Defendant's section 2255 motion (Docket Entry No. 66) is **DENIED** and her claims are **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED TO ADMINISTRATIVELY CLOSE** the related civil case in this matter, C.A. No. H-19-4362 (S.D. Tex.).

Signed at Houston, Texas, on this the __11th__ day of June, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

10